UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| )  | |
| vs.                          ) | Cr. N0. 2:19-cr-45-NT |
| )  | |
| SALVADOR RODRIGUES            ) | |

**MOTION TO SUPPRESS EVIDENCE
GENERATED BY AUTOMOBILE STOP AND SEARCH
AND INCORPORATED MEMORANDUM**

**I.      Summary**

Salvador Rodrigues was stopped by police while driving a Toyota Camry down a residential street on the morning of June 17, 2018. Salvador and his passenger, Alexis Hernandez were removed from the car and subjected to a pat down search. During the pat down, a pistol fell out of Hernandez's pants. Agents eventually traced the gun's serial number to a sale at the Kittery Trading Post. Additional investigation identified the gun purchase as illegal and led to the current charges. Rodrigues moves to suppress all physical evidence, police observations and statements attributed to him based on the improper stop and subsequent search which led to the investigation of the firearm's source and the current charge.

**II.     Automobile Stop**

All police seizures, including traffic stops, must satisfy Fourth Amendment requirements. *United States v. Ruidiaz*, 529 F.3d 25, 28 (1st Cir. 2008). All seizures must be reasonable and supported by probable cause. U.S. Const. Amend. IV. A traffic violation permits officers to effect a limited seizure of the driver and any passengers consistently with the Fourth Amendment. *United States v.*

*Fernandez*, 600 F.3d 56, 59 (1st Cir. 2010).[1] The Court has extended *Terry*[2] principles to the traffic-stop context and allowed officers to take similar measures to protect their safety, notwithstanding modest additional intrusion on the privacy rights of drivers and passengers. *United States v. Fernandez*, 600 F.3d 56, 59 (1st Cir. 2010). An officers may order the driver and any passengers to get out of the car until the traffic stop is complete and conduct a frisk for weapons *if* the officer has reasonable suspicion that the car's occupants are armed and dangerous. Id. (internal citation omitted).

### III.   Basic Facts

On June 17, 2018, at approximately 4:30 a.m., Pawtucket, Rhode Island police officer Magnussen observed a vehicle on Seneca Ave. potentially speeding. He pulled over the car. Officer Magnussen in a report also suggests the car had overly tinted windows and an inadequately illuminated rear license plate light. There is no radar used to confirm the speed. Officer Magnussen came up on the car from behind and at 4:30 a.m. would not be able to tell if the driver's side window was overly tinted. No plate light would be needed unless it was still dark. And there is no evidence of a lack of a plate light. While the officer's report does not mention the year of the Camry, research reveals that from 2006 through 2012 the Camry had two rear license plate bulbs[3] making the claim of no plate light suspect.

---

[1] See *Arizona v. Johnson*, Arizona v. Johnson, 129 S. Ct. 781, 788 (2009); *Brendlin v. California*, 551 U.S. 249, 255, 127 S. Ct. 2400 (2007); *United States v. Chaney*, 584 F.3d 20, 24 (1st Cir. 2009).

[2] *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L. Ed. 2d 889 (1968).

[3] https://www.youtube.com/watch?v=nUbI6midkvo

Senica Ave. is only three blocks long. Yet the officer based the speed claim on comparing his vehicle speed to that of the Camry as he was closing the distance.

After stopping the car and speaking with Rodrigues the officer runs a database check on the vehicle's registration as well as both Rodrigues' and Hernandez's licenses. The officer determines that both had active licenses. There were no outstanding warrants for either the driver or the passenger. Still unsatisfied, Officer Magnussen claims to smell "the odor" of marijuana. It is notable that the officer cites the odor *after* a records check reveals nothing. He tells Rodrigues this smell gives him "probable cause" to search the vehicle. Yet there is no preserved evidence of any marijuana. Nor did the office see either occupant smoking anything. There is no report of any smoke coming out of a car window either before or after the stop. This sounds like a pretext for a search when no basis exists. Rather, the officer has stopped a car with two young Hispanic males in an area near "the projects" early in the morning and the officer is seeking to search but lacks any legal basis.

The officer then requires Rodrigues to get out of the car. Rodrigues is taken to the trunk area of the Camry and patted down. Officer Magnussen finds no contraband and nothing untoward in the pat down of Rodrigues. A second officer, Jones, orders Hernandez out of the car to also be patted down. Outside the car, Hernandez, wearing shorts, is instructed to spread his feet. Officer Magnussen hears a sound and locates on the ground a small black pistol claimed to have fallen from Hernandez pants. Hernandez is arrested. Rodrigues is held until a complete search of his vehicle was conducted. When nothing is found, Rodrigues is released.

**IV.   Argument**

    **A.   The Police Lacked a Valid Basis for the Stop**

There is no evidence of any motor vehicle violation. There is no radar or dash camera regarding speed. No ticket was issued for speeding. The alleged excess speed is 38 miles per house, not a high speed. There is no photograph or video of the license plate. The car is not impounded or towed. There is no evidence of tinted windows, again no photograph or video. Despite the prevalence of police photographic equipment, dash and body cameras as well as cell phones and still photo equipment in the possession of almost every police officer, in this case there are not photographs or video. Nor has any radio talk been preserved. We have no discussion of the officer with dispatch relaying any of the claims. There is no audio record of any kind, despite the prevalence of police recording devices. And it is about 4:30 in the morning and there are two officers each with separate cars. It is unimaginable that two Pawtucket patrol cars and officers working an early morning shift (or on an overnight shift) would not have recording equipment.   No ticket was issued for speeding. There is no evidence of a traffic violation, no probable cause or a reasonable suspicion that supports the stop.

    **B.   Removal of Rodrigues from the car and the Search of the Camry was Improper**

"Once the police stop a vehicle, 'the tolerable duration of police inquiries . . . is determined by the seizure's 'mission' – to address the traffic violation that warranted the stop and attend to related safety concerns.'" *United States v. Clark*, 879 F.3d 1, 4 (1st Cir. 2018) (quoting *Rodriguez v. United States*, 135 S. Ct. 1609, 1614, 191 L. Ed. 2d 492 (2015)). *United States v. Garcia-Zavala*, No. 2:17-cr-140-GZS, 2018 U.S. Dist. LEXIS 32504, at *13 (D. Me. Feb. 28, 2018).

4

Rodriques was ostensibly stopped for speeding. Following the stop, even after Rodrigues' and Hernandez's driver's licenses came back without issue and without outstanding warrants, they were still asked to exit the vehicle. There was no safety justification for making Rodrigues get out of the car. Even once removed and patted down there was no contraband. Making Hernandez also get out and subjecting him to a search exceeds the basis for the traffic stop.

### V.   Conclusion

The issues presented establish the need for a testimonial hearing following which the defendant asks the court to grant this motion, finding the stop and search unconstitutional in violation of the 4th Amendment, and suppress the physical evidence. Lacking a basis for stopping Rodrigues, and lacking a basis to search Hernandez, the gun and any evidence later gathered based on the gun seizure are "fruit from the poisonous tree" must be suppressed.

DATE: August 16, 2019

*/s/ David Beneman*
David Beneman
Attorney for Salvador Rodrigues

### CERTIFICATE OF SERVICE

I, **David Beneman**, attorney for Salvador Rodrigues, hereby certify that I have served, electronically, a copy of the within "**MOTION TO SUPPRESS EVIDENCE GENERATED BY AUTOMOBILE STOP AND SEARCH AND INCORPORATED MEMORANDUM**" upon **Michael Conley**, Assistant United States Attorney, United States Attorney's Office, 100 Middle Street, 6th Floor, East Tower, Portland, Maine, 04101 via the ECF system.

*/s/ David Beneman*
David Beneman

DATE: August 16, 2019